NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0316n.06

No. 22-1772

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

LILIANA SEKULOVSKI,

    Plaintiff-Appellant

v.

COMMERCE TOWNSHIP, MICHIGAN, et al.,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)

**FILED**
Jul 13, 2023
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

OPINION

Before: CLAY, KETHLEDGE, and LARSEN, Circuit Judges.

KETHLEDGE, Circuit Judge. Liliana Sekulovski's husband Lou moved their dog out of their town, in compliance with a court order. More than two years later, Liliana sued the town and its ordinance-enforcement officer, claiming that the dog was "unreasonably seized" without due process. The district court granted summary judgment to defendants. We affirm.

In September 2017, the Sekulovskis' dog escaped from their home in Commerce Township, Michigan, and bit a child. Oakland County Animal Control investigated the incident and issued a report, which Liliana signed. The child's father then contacted the Township's ordinance-enforcement officer, Jay James, to report the bite. James reviewed Animal Control's report and spoke with the Township's attorney, who told James to issue a "civil infraction to the dog's owner, Mr. Sekulovski," for violating the ordinance against keeping dangerous animals. James did.

The state court thereafter scheduled a citation hearing and sent Lou several notices about it. Liliana chose not to attend the hearing—even though she knew it was about the bite incident. But Lou went and admitted the ordinance violation. The Township requested that the court order the dog removed from the Township, which the court granted.

Lou told Liliana about the court's order when he got home, and weeks later moved the dog to their nephew's house in another town. Lou then told the court that he had moved the dog and that he would not appeal the removal order. Liliana, meanwhile, did nothing: she neither intervened in the case, nor challenged the order, nor pursued an appeal of her own. Lou later tried to file a delayed appeal; but the state courts denied leave to do so.

In April 2021, Liliana brought this lawsuit against the Township and James under 42 U.S.C. § 1983, asserting claims of unreasonable seizure, procedural due process, and state-law conversion. The defendants moved for summary judgment, which the district court granted. Liliana now appeals, challenging only the entry of summary judgment on the constitutional claims against James. We review the court's decision de novo. *Maben v. Thelen*, 887 F.3d 252, 258 (6th Cir. 2018).

Liliana principally argues that James's failure to serve her with the infraction citation deprived her of due process, thus rendering the dog's removal an "unreasonable seizure." But due process is satisfied when one receives actual notice of a proceeding. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010). And Liliana received actual notice here: she knew the court had scheduled a hearing about their dog biting a child. She simply chose not to participate. *See Keene Group, Inc. v. City of Cincinnati*, 998 F.3d 306, 311–313 (6th Cir. 2021). Moreover, James never took the dog away; Liliana's husband moved it. *See Fox v. Van Oosterum*, 176 F.3d 342, 350 (6th Cir. 1999). And Liliana has not cited any authority holding, or even suggesting, that

moving a dog in compliance with a court order constitutes a seizure regulated by the Fourth Amendment.  Thus, Liliana's constitutional claims fail.

The district court's judgment is affirmed.